

Munley Law PC
227 Penn Avenue
Scranton, PA 18503
570-346-7401

---

| | | |
|---|---|---|
| CHARLINE OSWALD | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF LACKAWANNA COUNTY |
| | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY and | : | |
| FARM FIRE AND CASUALTY | : | |
| COMPANY | : | |
| Defendants | : | No. 2018-CV-994 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this amended complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

North Penn Legal Services
33 North Main Street
Pittston, PA 18640
(570) 299-4100

**Munley Law PC**
**227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

---

| | |
|---|---|
| CHARLINE OSWALD : | IN THE COURT OF COMMON PLEAS |
| Plaintiff : | OF LACKAWANNA COUNTY |
| : | |
| v. : | CIVIL ACTION - LAW |
| : | |
| STATE FARM MUTUAL AUTOMOBILE : | |
| INSURANCE COMPANY and : | |
| STATE FARM FIRE AND CASUALTY : | |
| COMPANY : | |
| Defendant : | No. |

---

## COMPLAINT

NOW comes Plaintiff, Charline Oswald, by and through her undersigned counsel, Munley Law PC, and files this Complaint against the above-named Defendants, and avers as follows:

1. Plaintiff, Charline Oswald, (hereinafter "Plaintiff"), is an adult and competent individual currently residing at 156 Vista Drive, Saylorsburg, Pennsylvania 18353.

2. Defendant, State Farm Mutual Automobile Insurance Company, and Defendant, State Farm Fire and Casualty Company, (hereinafter referred to collectively as "State Farm") are, upon information and belief, actual insurance companies with an address for doing business at On State Farm Plaza, Bloomington, Illinois 61710.

3. It is believed and averred that State Farm supervised, directed and controlled the activities with respect to the handling of Plaintiff's uninsured motorist claim and formulated guidelines and policies for handling, adjusting, negotiating and paying claims.

4. State Farm is a mutual insurance company, licensed to do business within the

Commonwealth of Pennsylvania, and did in fact conduct business, including but not limited to selling policies, adjusting claims and accepting premiums, and conducting insurance activities in Lackawanna County.

5. At all times material hereto, State Farm acted, by and through their agents, ostensible agents, servants and employees, acting in the course and scope of their agency and/or employment for whose conduct State Farm is vicariously liable.

6. At all times pertinent hereto, State Farm, by its agents, servants or employees, sold to or provided an automobile policy of insurance to Plaintiff under policy number 314 136038, which was effective for the time period 07/14/17 to 01/14/18.

7. The automobile policy covered a 2014 Dodge Avenger bearing Pennsylvania registration KCE0059 which was owned by Plaintiff.

8. On or about November 11, 2017, at approximately 9:22 P.M. on I-84 East, near mile marker 17-18, Sterling Hill Township, Wayne County, Commonwealth of Pennsylvania, Plaintiff was involved in a deer hit motor vehicle accident.

9. On the day of the accident, Plaintiff contacted State Farm insurance company to report the accident.

10. As a result of the aforesaid accident, Plaintiff's vehicle sustained extensive damage.

11. On or about November 14, 2017, Plaintiff received a letter from State Farm denying coverage under the automobile policy of insurance stating that the "[c]ompany records indicate the policy had been cancelled prior to the date of accident." *See* a true and correct copy of the letter attached hereto as "Exhibit A."

12. Prior to the November 11, 2017 accident, State Farm never sent to Plaintiff any type of cancellation notice as required by 31 Pa. Code §61.5, which provides in relevant part:

> Notices of cancellation or refusal to renew shall meet the following requirements:
> (1) The form shall be clearly labeled: "Notice of Cancellation or Refusal to Renew."
> (2) The form shall be given to the insured.
> (3) The date, not less than 30 days after the date of delivery or mailing, on which the cancellation or refusal to renew is to become effective shall be clearly indicated. If the cancellation or nonrenewal is due to nonpayment of premium the effective date may be 15 days from the date of delivery or mailing.
> (4) Space shall be provided for the insurer to provide the specific reasons for the cancellation or refusal to renew. In the alternative, the insurer may include a statement that the reasons will be supplied upon the written request of the insured. The statement shall specify that the request shall be mailed or delivered to the insurer not less than 20 days prior to the effective date. The statement shall further indicate that the insurer will supply the reasons within 5 days of its receipt of the request.
> (5) If the cancellation or refusal to renew is based upon nonpayment of premium and the insurer notifies the insured less than 30 days prior to the effective date of the cancellation or nonrenewal, the insurer shall give the insured a period of at least 10 days to request the specific details of the reason for such cancellation or nonrenewal.
> (6) The reasons for the cancellation shall be clear and complete. Upon request of the insured if the cancellation is for nonpayment of premium the insurer shall specify the amount of premium due, the date when it was due and to whom it was to be paid. If the premium was financed, the name and address of the organization financing the premium shall also be given. If the cancellation is because the driver's license or motor vehicle registration of the named insured has been under suspension or revocation the notice shall specify the date of such revocation or suspension and the name of the administrative or judicial body ordering such action. The reasons for nonrenewal shall be clear and complete. They shall be stated such that a person of average intelligence and education can understand them.

13. After putting State Farm on notice, the State Farm adjuster verbally advised Plaintiff that her policy may have lapsed for nonpayment.

14. Plaintiff informed the State Farm adjuster that she never received a termination notice for nonpayment.

4

15. Despite not issuing the proper termination notification, State Farm denied coverage for this loss in violation of the Pennsylvania insurance regulations and laws.

16. Subsequently on or above November 15, 2017, Plaintiff received a Reinstatement Notice from State Farm. This Reinstatement Notice stated that Plaintiff's policy was reinstated effective November 11, 2017 at 12:01 A.M.. *See* a true and correct copy of the Reinstatement Notice attached hereto as "Exhibit B."

17. According to the Reinstatement Notice, Plaintiff would have coverage on the date and time of this loss.

18. State Farm at all times during the handling of Plaintiff's automobile insurance claim did not act in the best interests of Plaintiff, and in fact acted in the best interests of State Farm.

19. State Farm recklessly disregarded facts that confirmed coverage.

20. State Farm intentionally did not advise that it was acting with State Farm's best interests in mind, and intentionally did not advise Plaintiff that it was not acting in the best interests of Plaintiff.

21. State Farm violated their statutory, common law and/or contractual duty of good faith and fair dealing to provide Plaintiff with a fair, reasonable, timely and competent evaluation of Plaintiff's automobile insurance claim.

22. State Farm had a duty to give Plaintiff's interests, at a very minimum, the same faithful consideration that they gave their own interests.

23. At all time material hereto, State Farm maliciously, intentionally and in bad faith put their own interests far above the interests of Plaintiff.

24. State Farm focused upon their own economic consideration to deny payment on Plaintiff's automobile insurance claim, causing damages to Plaintiff as discussed herein, *inter alia*, by delaying any recovery on Plaintiff's automobile insurance claim and by subjecting Plaintiff to unnecessary expenses.

## COUNT ONE

Charline Oswald
v.
State Farm Automobile Insurance Company and State Farm Fire Casualty Company

Breach of Contract

25. Paragraphs 1-24 above are incorporated herein by reference as if fully set forth herein at length.

26. Plaintiff was involved in an automobile accident on November 11, 2017. At all times pertinent hereto, the aforementioned policy of insurance was in full force and effect.

27. As a result of the accident on November 11, 2017, Plaintiff's vehicle sustained extensive damage.

28. Plaintiff has made a demand for coverage under the policy, as Plaintiff struck a deer, causing her vehicle to sustain damages.

29. State Farm, by and through its agents, servants and employees, failed to make a reasonable offer to settle Plaintiff's automobile insurance claim and recklessly denied coverage for the claim.

30. By virtue of the insurance contract, State Farm owed a duty to Plaintiff to pay for damages that Plaintiff was legally entitled to recover from State Farm as a result of the automobile accident that occurred on November 11, 2017.

31. As an express or implied term within the insurance contract, State Farm was required to exercise the utmost good faith and fair dealing in its handling of Plaintiffs automobile insurance claim.

32. State Farm, in the performance of the contract, owed Plaintiff a fiduciary duty to act in good faith and to use due care in the processing of Plaintiff's automobile insurance claim.

33. State Farm did not use or exercise good faith, fair dealing or due care with regard to Plaintiff's automobile insurance claim.

34. State Farm failed to properly or fairly evaluate Plaintiff's claim for damages in breach of the insurance contract.

35. State Farm failed to properly or fairly evaluation coverage for this loss.

36. Plaintiff satisfied all of her obligations under the policy, including but not limited to, all conditions precedent and conditions subsequent required in the process of her claim.

37. By failing to provide coverage in a timely manner, State Farm breached its contractual obligations to Plaintiff under the policy.

38. By failing to effectuate a prompt, competent and fair evaluation of the claim, State Farm breached its contractual obligations to the Plaintiff under the automobile insurance policy.

39. The failure of State Farm to abide by its contract caused Plaintiff to incur expenses, suffer unnecessary delay and hardship, and otherwise sustain damages as further outlined in this Complaint that would have been avoided if State Farm had properly and reasonably honored and complied with their statutory and contractual obligations.

40. State Farm's failure to exercise good faith and fair dealing with regard to this matter constituted a material breach of the contract and resulted in Plaintiff's consequential damages, including the time, expense, aggravation and distress of litigation, out of pocket damages, attorney fees, costs and hardship with regard to the presentation of Plaintiff's claim and loss of interest in the proceeds caused by State Farm, unreasonable and/or bad faith delay in forcing to litigate this claim, and State Farm defending against its unfounded and/or improper defenses against Plaintiff's damages.

41. The conduct described in this Complaint by State Farm constituted a breach of contract with insurance with Plaintiff.

42. As a consequence of State Farm's breach of contract, State Farm is liable to Plaintiff for actual and consequential damages, including the amount of the judgment entered against State Farm, including amounts in excess of the policy limits.

43. State Farm is in breach of its insurance contract with Plaintiff. State Farm has undertaken a course of action which has been designed to unilaterally, without justification, refuse to make payment for the subject incident that occurred on November 11, 2017 in contradiction to the terms of the insurance contract, the Pennsylvania Motor Vehicle Responsibility Law, and the case law of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiff Charline Oswald demands judgment in her favor and against Defendants State Farm Automobile Insurance Company and State Farm Fire and Casualty Company in an amount in excess of $50,000.00 plus attorney's fees, interest, costs and such other relief as the Court deems just and proper.

**COUNT TWO**

Charline Oswald
v.
State Farm Automobile Insurance Company and State Farm Fire Casualty Company

Bad Faith 42 Pa.C.S.A. §8371

44. Paragraphs 1-43 above are incorporated herein by reference as if fully set forth herein at length.

45. Plaintiff has fulfilled all of her contractual obligations under the insurance policy.

46. The actions and conduct of State Farm described in this Complaint constitutes bad faith in violation of 42 Pa.C.S.A. §8371.

47. Pennsylvania's Bad Faith Statute, 42 Pa.C.S.A. § 8371, effective July 1, 1990, titled Actions of Insurance Policies, provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> > (2) Award punitive damages against the insurer.
> > (3) Assess court costs and attorney fees against the insurer.

48. Plaintiff is considered to be an insured under State Farm's policy, and State Farm is considered to be the insurer.

49. State Farm has engaged in a pattern of conduct against its insured, the Plaintiff, as set forth above, including but not limited to failing to objectively and fairly evaluate Plaintiff's automobile insurance claim; refusing to effectuate a prompt and fair resolution of Plaintiff's automobile insurance claim; recklessly denying coverage for this loss.

50. State Farm acted in bad faith in denying coverage for this claim.

51. State Farm acted in bad faith in refusing to provide coverage for this automobile insurance claim when no reasonable grounds exist for the same.

52. State Farm acted in bad faith by breaching their duty of good faith and fair dealing with respect to Plaintiff's automobile insurance claim.

53. Plaintiff is seeking all damages recoverable for State Farm's bad faith conduct that is allowed under 42 Pa.C.S.A. §8371.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants State Farm Automobile Insurance Company and State Farm Fire and Casualty Company in an amount in excess of $50,000 plus attorney's fees, interests, costs and such other relief as the Court deems just and proper.

**MUNLEY LAW PC**

By:_____
John M. Mulcahey
ID No. 74562
Attorney for Plaintiff

## VERIFICATION

I hereby depose and state that I am the Plaintiff in the above-captioned action, and that the statements in the foregoing Complaint are true and correct to the best of our knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
Charline Oswald